UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF SHEET METAL WORKERS LOCAL 91 HEALTH & WELFARE PLAN by ERIC MEIRHAEGHE, CHAIRMAN OF THE BOARD,<br>       Plaintiff,<br><br>Vs.<br><br>FISHER TEST & BALANCE, INC.<br>       Defendant. | No. _____ |

## COMPLAINT

COMES NOW the Plaintiff, the Board of Trustees of Sheet Metal Workers Local 91 Health & Welfare Plan, by Eric Meirhaeghe, Chairman of the Board, by their attorneys, and for their cause of action against the Defendant, Fisher Test & Balance, Inc., alleges as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Sheet Metal Workers Local 91 Health & Welfare Plan ("Welfare Plan") is a multi-employer health plan and brings this action on its own behalf as well as on behalf of the Annuity and JATC Funds (hereinafter referred to collectively with the Welfare Plan as the "Funds"). Plaintiff, Eric Meirhaeghe, is the Chairman of the Board of Trustees of the Welfare Plan. The Board of Trustees is an ERISA Fiduciary. Eric Meirhaeghe is a fiduciary under ERISA.

3. Fisher Test & Balance, Inc. is an Iowa corporation and has a principal place of business in Davenport, Iowa, and is an employer engaged in the business of construction, who has done business within the geographic jurisdiction of this Court.

4. Fisher Test & Balance, Inc. is party to a Collective Bargaining Agreement (attached hereto as Exhibit "A" and hereinafter referred to as Collective Bargaining Agreement) with the Sheet Metal Workers Local 91 Union (hereinafter Sheet Metal Workers Union).

5. Fisher Test & Balance, Inc. is obligated to make accurate and timely fringe benefit contributions to the Funds under the terms of the Collective Bargaining Agreement. Benefit reports and payments are due on the 15th day of the following month.

6. Fisher Test & Balance, Inc. has failed and refused to file monthly benefit reports and pay fringe benefit contributions for employees performing work within the territorial and occupational jurisdiction of the Sheet Metal Workers Local Union 91.

7. Fisher Test & Balance, Inc. has failed to accurately submit to the Plaintiff by the 15th day of each month following the month for which the report is made, a report of the name, social security number and total hours worked in such month by each and every person on whose behalf contributions are required to be made by the Fisher Test & Balance, Inc. to Plaintiff; or, if no such persons are employed for a given month, to submit a report so stating.

8. As an employer obligated to make fringe benefit contributions to the Fund, Fisher Test & Balance, Inc. is specifically governed by the terms of the Collective Bargaining Agreement which provides, inter alia, as follows:

> "Failure of the employer to remit promptly the payroll reporting or contribution payments on or before the 15th day of the following month shall be in violation of this agreement. The employer shall be liable to the Union and/or Funds for any costs related to the collection of any delinquent reports or monies due including attorney's fees, as set forth below."

9. Fisher Test & Balance, Inc. has failed and neglected to make required contributions to the Funds in violation of 29 U.S.C. §1145.

10. As an employer obligated to make fringe benefit contributions to the Funds, Fisher Test & Balance, Inc. is required by the Collective Bargaining Agreement to submit and cooperate with an audit, specifically as follows:

"Trustees of any of the Funds provided for in this agreement, acting individually or in concert, are empowered to order an audit of the employer's payroll records with or without case. The employer agrees to make accurate financial records available to authorize auditors, upon 10 days notice, and to cooperate in the completion of the audit."

"In the event the audit discloses a willful underpayment of wages and/or benefits, the employer agrees to promptly pay such amounts as reasonably necessary to bring current the obligations, plus 2% interest per month on any outstanding balance. Failure of any employer to comply with the correction as determined by an authorized auditor will result in invocation of the delinquency provisions provided for under the Wage and Fringes section of this Agreement."

11. Fisher Test & Balance, Inc. has failed and refused to cooperate and comply with an audit of their financial records.

12. The Collective Bargaining Agreements and 29 USC §1132(g) provide for recovery of delinquent fund contributions, interest thereon, liquidated damages, audit and attorney's fees, and the cost of this action.

WHEREFORE, Plaintiff prays that Fisher Test & Balance, Inc. be enjoined and ordered to submit to an audit and an accounting be taken as to all employees of Fisher Test & Balance, Inc. covered by the Collective Bargaining Agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff, covering the period for which the Collective Bargaining Agreement is to be effective.

WHEREFORE, Plaintiff further prays that an accounting be taken as to all employees of Fisher Test & Balance, Inc. covered by the Collective Bargaining Agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff, covering the period for which the Collective Bargaining Agreement is to be effective.

WHEREFORE, Plaintiff further prays that Fisher Test & Balance, Inc. be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiff with the information required to be provided thereon, to continue to submit such reports which this action is pending, and to comply with its contractual obligation to timely submit such reports in the future.

WHEREFORE, Plaintiff further prays for judgment against Fisher Test & Balance, Inc. for delinquent pension fund contributions, interest thereon, for liquidated damages, for audit and attorney's fees pursuant to 29 USC §1132(g), and for the costs of this action.

        /s/ Michael W. Halpin
        Michael W. Halpin
        McCarthy, Callas & Feeney, P.C
        329 18th Street
        Rock Island, IL 61201
        Phone: 309-788-2800
        mhalpin@mcfe-law.com